John G. Crist
CRIST, KROGH, BUTLER
     & NORD, LLC
The Securities Building
2708 First Avenue North, Suite 300
Billings, MT 59101
Telephone: (406) 255-0400
Facsimile:  (406) 255-0697
Email: jcrist@cristlaw.com

*Attorneys for Plaintiff*
*Jeremy R. Myers*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| JEREMY R. MYERS, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| Howmedica Osteonics Corp. d/b/a Stryker Orthopaedics, | |
| Defendant. | |

Jeremy R. Myers ("Myers") for his Complaint against Howmedica Osteonics Corp. d/b/a Stryker Orthopaedics ("Howmedica"), states as follows:

### PARTIES AND JURISDICTION

1.  Myers is a citizen of the State of Montana.  He resides in Missoula County, Montana.

1

2. Howmedica is a New Jersey corporation, with its principal place of business in Mahwah, New Jersey. Howmedica is registered to do business in the State of Montana, and does business under the name Stryker Orthopaedics.

3. This court has diversity jurisdiction over this matter pursuant to 28 U.S.C §1332, as the parties are completely diverse in their citizenship and the amount in controversy exceeds $75,000.

4. Venue is proper pursuant to Local Rule 3.2(b) of the United States District Court for the District of Montana.

## FACTS

5. Myers was employed by Howmedica beginning on March of 2005 as a sales representative. He performed well and was promoted to the position to Sales Manager for the Northwest Branch effective July 1, 2010.

6. Myers routinely received excellent reviews for his work performance and routinely met or exceeded his sales quotas.

7. As a condition of his employment, Myers was required to execute a Non-Compete and Confidentiality Agreement. That Agreement provided, among other things, that Myers could not take a position with a competitor of Howmedica for a period of twelve months after termination doing certain activities as specified in the Agreement.

8. Myers was terminated from his position as a Sales Manager for Howmedica on December 10, 2013. He was not advised of the reasons for his termination at the time he was terminated. To this date, despite having made a written request for the reasons for his termination, he has never been provided with the factual basis for Howmedica's decision to terminate him. Instead, it has simply stated, without providing any factual basis, that he violated Stryker's "Code of Conduct", its "policy Prohibition of Harassment Including Sexual Harassment", its "Core Values (specifically Integrity and Individual Respect)" and its "Rules of Conduct".

9. Prior to Myers's termination, he never received an oral warning from Howmedica concerning any issues relating to his work performance or the policies that Howmedica now claims he violated.

10. Prior to Myers's termination, he never received a written warning from Howmedica concerning any issues relating to his work performance or the policies that Howmedica now claims he violated.

11. Prior to Myers termination, Howmedica never told Myers that it had problems with his work performance that it believed justified termination, or the policies that Howmedica now claims he violated. Further, Myers was never given an opportunity to respond to any issues that Howmedica relied upon to justify its decision to terminate Myers.

12.     After his termination, Myers made a diligent search for another job. That search was hampered by the fact that Howmedica claimed that he was bound by the terms of the Non-Compete and Confidentiality Agreement, despite the fact that they had terminated him.

13.     Myers was eventually able to find another position in which his activities would not violate the terms of the Non-Compete and Confidentiality Agreement.

## COUNT ONE

### VIOLATION OF MONTANA'S
### WRONGFUL DISCHARGE FROM EMPLOYMENT ACT.

14.     In Montana, an employer needs good cause to terminate an employee, after his probationary period, and in the absence of a written contract for a specified term.  Myers was not in a probationary period and his employment was not covered by a written contract for a specified term.

15.     In Montana, an employer cannot terminate an employee in violation of its own written policies.

16.     Howmedica terminated Myers in violation of Montana's Wrongful Discharge from Employment Act ("WDEA").

17.     Howmedica's wrongful termination has caused Myers to sustain monetary damages, and he is entitled to an award of monetary damages as provided in the WDEA.

Wherefore, Myers prays that the Court enter judgment in his favor for all damages allowed pursuant to the WDEA and prejudgment interest, together with such other and further relief as the Court deems just and equitable.

DATED this 14th day of October, 2014.

        CRIST, KROGH, BUTLER & NORD, LLC

        By: */s/ John G. Crist*
           John G. Crist
        The Securities Building
        2708 First Avenue North, Suite 300
        Billings, MT  59101

        *Attorneys for Plaintiff Jeremy R. Myers*

## **JURY DEMAND**

The Plaintiff demands trial by Jury.

DATED this 14th day of October, 2014.

        CRIST, KROGH, BUTLER & NORD, LLC

        By: */s/ John G. Crist*
           John G. Crist
        The Securities Building
        2708 First Avenue North, Suite 300
        Billings, MT  59101

        *Attorneys for Plaintiff Jeremy R. Myers*