IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JEREMY R. MYERS, <br><br> Plaintiffs, <br><br> vs. <br><br> HOWMEDICA OSTEONICS CORP. DBA STRYKER ORTHOPAEDICS, <br><br> Defendant. | CV 14–248–M–DLC <br><br> ORDER |

Before the Court is Defendant's motion to dismiss. For the reasons explained, the Court denies the motion.

**Background**

Plaintiff Jeremy Myers ("Myers") brings this diversity action against Defendant Howmedica Osteonics Corp. ("Howmedica") asserting one claim of wrongful discharge from employment under Montana's Wrongful Discharge from Employment Act, Montana Code Annotated §§ 39-2-901 – 914 ("WDEA"). Howmedica moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e). On Howmedica's Rule 12(b)(6) motion to dismiss, all of the allegations in the Complaint are presumed true. *Bell Atlantic Corp. v.*

1

*Twombly*, 550 U.S. 544, 555 (2007).

Myers alleges that he was employed by Howmedica as a sales representative beginning in March of 2005. He was promoted to Sales Manager for the Northwest Branch effective July 1, 2010. He routinely received excellent performance reviews and routinely met or exceeded his sales quotas.

Without receiving any warning of an issue concerning his work performance or notice of any violation of Howmedica's employee policy, Myers was terminated on December 10, 2013. At the time of his termination, Myers was not advised of the reasons for the termination and was not given an opportunity to respond to any issues that Howmedica some time later relied upon to justify his termination. Myers was not in a probationary period and his employment was not covered by a written contract for a specified term.

Montana's Wrongful Discharge from Employment Act provides that a discharge is wrongful if it is "not for good cause" or if "the employer violated the express provisions of its own written personnel policy." Mont. Code Ann. §§ 39-2-904(1)(b)–(c).

## Legal Standard

Rule 12(b)(6) motions test the legal sufficiency of a pleading. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the court can draw a "reasonable inference" from the facts alleged that the defendant is liable for the misconduct alleged. *Id.* On a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party. *Kneivel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). A Rule 12(e) motion "attacks intelligibility, not simply lack of detail." *Gregory Village Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F.Supp.2d 888, 896 (N.D. Cal. 2011). Due to the liberal pleading requirements of Rule 8, motions for a more definite statement are "viewed with disfavor and are rarely granted."

*Sanchez v. City of Fresno*, 914 F.Supp. 2d 1079, 1122 (E.D.Cal. 2012) (internal citation omitted). A Rule 12(e) motion is inappropriate when the factual details sought are obtainable through discovery. *Id.*

## Discussion

Howmedica contends that Myers' Complaint fails to meet the pleading standard because Myers does not specifically allege that he did not violate the policies Howmedica has ultimately relied on to justify his termination. Myers alleges that he was wrongfully terminated, that he always received excellent performance reviews, and that he has still never received notice of the facts underlying his alleged violations of Howmedica's employee policies. The Court must view these allegations in the light most favorable to Myers and determine if Myers' claim for wrongful discharge from employment is plausible. Under this standard, it would be wholly unreasonable for the Court to infer from the facts alleged that Myers admits to violating Howmedica's employee policies. To do so would turn the standard on its head. Myers' Complaint alleges sufficient factual information for the Court to infer that he was terminated without good cause.

Howmedica also contends that the Complaint must be dismissed because it does not describe in any detail how Howmedica violated its own written personnel policies in terminating Myers. Myers alleges that he was terminated without

4

warning, without being supplied with the reasons for his termination, and without being afforded an opportunity to respond to the reasons later supplied by Howmedica to justify his termination. Rule 8 does not require detailed factual allegations, only facial plausibility. Written personnel policies routinely require an employer to provide some process to an employee before termination, including, warning, notice of the reasons for termination, and an opportunity to respond. The factual allegations in Myers' Complaint are sufficient to allow the Court to draw a reasonable inference that Howmedica violated its written personnel policy when it terminated Myers. Howmedica's Rule 12(b)(6) motion is denied.

Howmedica's Rule 12(e) motion does not attack the intelligibility of Myers' Complaint. It merely seeks additional details about the factual basis for Myers' Complaint. Such information is easily obtainable through discovery. Accordingly, Howmedica's Rule 12(e) motion is denied.

Howmedica raises a host of arguments, including, notably, that Myers' suit is frivolous, brought in bad faith, and that amendment of the Complaint would be futile, for the first time in its reply brief. Howmedica also submits a variety of evidence in its reply brief, including an affidavit, and more than 100 pages of exhibits, that are obviously inappropriate for consideration on a Rule 12(b)(6)

motion to dismiss. Howmedica's reply brief is also not signed by local counsel. Local Rule 83.1(d)(5), governing the duties of local counsel working with pro hac vice counsel, provides that "local counsel must sign all pleadings, motions and briefs," unless otherwise ordered. No such order has been entered in this case, and no such order will be entered. Howmedica's reply brief is stricken for failure to comply with Local Rules. All future filings must be signed by local counsel and comply with Local Rules.

IT IS ORDERED that:

(1)  Howmedica's motion to dismiss (Doc. 4) is DENIED.

(2)  Howmedica's reply brief (Doc. 18) is STRICKEN.

(3)  Myers' motion to deny (Doc. 19) is DENIED AS MOOT.

DATED this 30th day of March 2015.

Dana L. Christensen, Chief District Judge
United States District Court